UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKOLE ANN BAIN; MINOR CHILD B.A.B.,

Plaintiffs,

-against-

LYNN LAREE PETERSON BAIN, et al.,

Defendants.

1:19-CV-9566 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Nikole Ann Bain, who appears *pro se*, brings this action invoking the Court's federal-question jurisdiction.[1] By order dated November 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

---

[1] Both Plaintiff Nikole Ann Bain and "Minor Child B.A.B." are listed as plaintiffs in the caption of the complaint. But because Plaintiff Nikole Ann Bain is the only plaintiff to have signed the complaint, the Court will regard her as the only plaintiff in this action. Plaintiff Nikole Ann Bain concedes that she is not an attorney. (ECF 2, p. 16.) She therefore cannot assert claims on behalf of anyone else, including a minor child. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him. For example, a lay person may not . . . appear on behalf of his or her own minor child.") (citation omitted).

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff sues numerous defendants. She asks this Court to set aside decisions in the following *pro se* actions that she previously brought in the United States District Court for the District of Utah: *Bain v. Hansen*, No. 1:19-CV-0044 (D. Utah Oct. 24, 2019) (dismissed without prejudice for failure to prosecute); *Bain v. Bain*, No. 2:17-CV-1305 (D. Utah June 28, 2018) (recommending dismissal without prejudice for lack of subject-matter jurisdiction), *report & recommendation adopted*, (D. Utah July 23, 2018); *Bain v. Bain*, No. 2:18-CV-0011 (D. Utah Jan. 18, 2018) (dismissed without prejudice for lack of subject-matter jurisdiction); *Bain v. Bain*, No. 2:17-CV-1116 (D. Utah Dec. 18, 2017) (same); *Bain v. Bain*, No. 2:17-CV-1040 (D. Utah Oct. 5, 2017) (same).

Plaintiff asserts that she "attained legal sovereignty at age 16," and that she is now 42 years of age. (ECF 2, p. 3.) She also states that

2

> land ownership of the geographic region known as "Utah" is subject matter in this case re: the "Utah War" and resulting treaty with the United States in which "Utah" has breached all stipulations with the United States. Furthermore, this case alleges other serious crimes such as genocide and treason to which plaintiff(s) are witness to and victims of.
>
> Defendants have committed numerous acts of treason in violation of the United States Constitution and its Amendments including but not limited to domestic terrorism and obstructions of the right to a guarantee of a republican form of government as well as obstruction of justice.

(*Id.* p. 3-4.)

Plaintiff "demand[s] immediate management, execution, control and command of the geographic region of 'Utah' as well as . . . personal protection and assistance from the United States Navy." (*Id.* p. 4.) She "gives permission to the United States Navy to execute those objectives." (*Id.*) She has attached a document she has sent to President Trump in which she asked him to issue a writ "enabling and enforcing the U.S. Navy to assist and execute in [1] the return of her minor child[,] [and] [2] the return of itemized property stolen from the carry-on luggage . . . when her minor child . . . was kidnapped . . . ." (*Id.* p. 12.) She also asked President Trump to issue an "executive order or executive writ or stipulated exoneration (or that which has the same effect) from pretended and unconstitutional 'state crimes.'" (*Id.*) She further asked him to issue her both a one-time monetary grant and monthly recurring payments, and to deploy "military assistance to secure the territory of the State of Utah." (*Id.* p. 12-13.)

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which Plaintiff can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff Nikole Ann Bain, and note service on the docket. This action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 3, 2019
       New York, New York

                              COLLEEN McMAHON
                            Chief United States District Judge